## Gratiot Street Warehouse Company v. St. Louis, Alton & Terre Haute Railroad Company.

1. FINDING OF COURT—*effect given to, upon appeal.* The finding of the court upon the evidence, no less than the verdict of a jury, is conclusive of the facts unless there is error of law in the proceedings, or unless the finding is so manifestly against the weight and preponderance of the evidence that the reviewing court may say that it is the result of passion, prejudice or mistake.

Action of assumpsit. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905. Rehearing denied August 24, 1905.

FRANK K. RYAN, E. P. JOHNSON and M. MILLARD, for appellant.

KRAMER, KRAMER & SHAEFFER, for appellee; JOHN G. DRENNAN, of counsel.

MR. JUSTICE MYERS delivered the opinion of the court.

In June, 1895, appellant delivered to appellee at East St. Louis, Illinois, eleven car-loads of bulk corn consigned to Juliette Mills, Macon, Georgia. Appellee issued and delivered to appellant a bill of lading dated June 21, 1895, for one car-load of bulk corn, and another bill of lading dated June 27, 1895, for ten car-loads. The cars containing the corn were transported over appellee's line of railroad from East

406     Appellate Courts of Illinois.

Vol. 122.] Gratiot St. Warehouse Co. v. St. L., A. & T. H. R. R. Co.

St. Louis to Paducah, Kentucky, and then delivered to the Southern Railway Company, a connecting line, and by it carried to Juliette Mills, the point of destination. The several cars of corn arrived at Juliette Mills on the first, second and third days of July, and the Juliette Mills, the consignee named in the bills of lading, was immediately notified of the arrival. The day following the arrival of the corn S. H. McGee, the miller in charge of the Juliette Mills, opened the cars and examined the corn and found it dry and in good condition. He immediately notified the proprietors of the mills. The corn was not unloaded but was left in the cars on the track at Juliette Mills for about three weeks, when upon examination by Nelmes and Jones, to whom appellant had sold it, it was found to be damaged and in an unmerchantable condition. It was then moved to Macon eight or ten miles distant, taken out of the cars, put into a warehouse and thereafter treated and disposed of as damaged corn. The Southern Railway Company notified Nelmes and Jones, the purchasers, on July 10th, of the arrival of the corn and requested them to remove it as the company was greatly crowded for track-room at the mills.

The action is upon the bills of lading. The declaration contains two counts, in each of which it is alleged that plaintiff delivered to the defendant a quantity of corn in good order, the property of plaintiff, to be carried by the defendant from East St. Louis to Macon, Georgia, there to be delivered in good order to the Juliette Mills for the plaintiff; that defendant delivered to plaintiff a bill of lading and thereby promised safely to carry said corn from place of shipment to destination stated, and deliver the same in good order to the Juliette Mills for the plaintiff; but that defendant wrongfully suffered said corn to become damp, wet, heated, etc., whereby it was damaged and the plaintiff injured. The defendant filed the plea of general issue and two special pleas, relying upon the Statute of Limitations. The court sustained a demurrer to the special pleas. The case was tried by the court without a jury upon the general issue and notice of special matter in defense.

The court found the issues for the defendant and gave judgment on the finding.

We find no error in the trial court's rulings upon propositions of law. All the propositions submitted by appellee were marked "held, but not controlling in this case," the effect and the significance of which is that the trial court was in accord with appellant in the statement of the law but did not agree in its force and application under the evidence. By marking appellant's propositions "held" and appellee's first, second and third "refused," it is clear that the court was with appellant in its contention that the restrictions or conditions attached to the bills of lading in nowise limited the appellee's liability. No error of the court in ruling upon the evidence, which may be deemed prejudicial to the appellant in the trial of the case, has been pointed out. The finding of the court upon the evidence, no less than the verdict of a jury, is conclusive of the facts unless there is error of law in the proceedings, or unless the finding is so manifestly against the weight and preponderance of the evidence that the reviewing court may say that it is the result of passion, prejudice or mistake, a contention seldom urged against the finding of a court, though common enough is seeking to set aside the verdict of a jury. In this case the evidence fully sustains the finding. Appellee carried the corn from point of shipment to point of destination as required under its bill of lading, and delivered it in good condition in cars upon the tracks at Juliette Mills. The consignee, the Juliette Mills, were duly notified of the arrival of the corn, inspected it, and found it in good condition. With that the duty of appellee as carrier was fully performed and terminated. After that the liability, if any, incurred by reason of neglect or failure properly to keep and care for the corn was the liability of the terminal carrier as warehouseman. I. C. R. R. Co. v. Carter, 165 Ill. 570. The judgment of the City Court will be affirmed.

*Affirmed.*